# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| RH KIDS, LLC, ) | |
| ) | |
| Plaintiff, ) | Case No.: 2:22-cv-01999-GMN-BNW |
| vs. ) | |
| ) | **ORDER** |
| Nationstar Mortgage, LLC, *et al.*, ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is the Motion to Remand and for Attorney's Fees, (ECF No. 7), filed by Plaintiff RH Kids, LLC ("Plaintiff"). Defendants MTC Financial, Inc. ("MTC"), and Nationstar Mortgage, LLC ("Nationstar"), (collectively, "Defendants") did not file a Response, and the deadline to do so has passed. For the reasons discussed below, the Court **GRANTS** Plaintiff's Motion to Remand.

## I.  BACKGROUND

This case arises from disputed claims of interest in real property. (*See generally* Compl., ECF No. 1). Plaintiff filed its Complaint in the Clark County District Court of Nevada on November 3, 2022. (*Id.*). On November 30, 2022, Defendant Nationstar filed a Notice of Removal in this Court. (*See* Not. Removal, ECF No. 1). In its Notice of Removal, Nationstar alleges that the Court has federal question jurisdiction pursuant to 28 U.S.C. § 1332. (*Id.* 3:2–15). Plaintiff filed the instant Motion to Remand on December 20, 2022. (Mot. Remand, ECF No. 7). Plaintiff additionally requests an award of attorney's fees in the amount of $3,375.00. (*Id.* 10:12–12:2). Defendants failed to respond.[1]

---

[1] Under Local Rule 7-2(d), "The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." Because Plaintiff requests attorney's fees, the Court will address the Motion on the merits.

## II. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, possessing only those powers granted by the Constitution and by statute. *See United States v. Marks*, 530 F.3d 799, 810 (9th Cir. 2008). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Generally, district courts have subject matter jurisdiction over civil actions in which: (1) the claims arise under federal law; or (2) where no plaintiff is a citizen of the same state as a defendant and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. §§ 1331, 1332(a).

A civil action brought in state court may be removed to a federal district court if the district court has original jurisdiction over the matter. 28 U.S.C. § 1441(a). The defendant asserting the removal must prove it is proper, and there is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id.*

"An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "[C]ourts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005). "A court may award attorney fees when removal is wrong as a matter of law." *Ansley v. Ameriquest Mortg. Co.*, 340 F.3d 858, 864 (9th Cir. 2003).

## III. DISCUSSION

Nationstar maintains that "[r]emoval is permissible because the parties are citizens of different states." (Pet. Removal ¶ 8). Yet in the next three sentences of its Petition for Removal, Nationstar demonstrates that complete diversity does not exist: Nationstar notes that both Plaintiff and Defendant MTC are citizens of California. (*Id.* ¶¶ 9–11). Thus, the parties

///

are not completely diverse, and the Court does not have jurisdiction over this case. Accordingly, the Court GRANTS Plaintiff's Motion to Remand.

The Court further finds that Plaintiff is entitled to the requested award of attorney's fees. No reasonable basis for seeking removal exists, and removal is wrong as a matter of law. Indeed, Nationstar must have been aware that its Petition for Removal was meritless when it claimed diversity and then listed the parties' non-diverse citizenships. The Court therefore GRANTS Plaintiff's Motion for Attorney's Fees in the amount of $3,375.00.[2]

## V. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Remand and for Attorney's Fees, (ECF No. 7), is **GRANTED.**

**IT IS FURTHER ORDERED** that the Clerk of Court is instructed to enter a judgment awarding Plaintiff $3,375.00 in attorney's fees.

**IT IS FURTHER ORDERED** that the case is hereby remanded to the Clark County District Court for all further proceedings.

**DATED** this __13__ day of January, 2023.

_____
Gloria M. Navarro, District Judge
UNITED STATES DISTRICT COURT

---

[2] Plaintiff submitted a declaration of counsel in support of Plaintiff's calculation of attorney's fees. (*See* Decl. Counsel, ECF No. 7-2).